**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION**

| | |
|---|---|
| Gary Booker, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Midland Credit Management, Inc., a Kansas corporation, and Midland Funding, LLC, a Delaware limited liability company, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    No.   4:19-cv-34 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    <u>Jury Demanded</u> |

**COMPLAINT – CLASS ACTION**

Plaintiff, Gary Booker, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letters violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendants transact business here.

**PARTIES**

3. Plaintiff, Gary Booker ("Booker"), is a citizen of the State of Indiana, residing in the Northern District of Indiana, from whom Defendants attempted to collect a defaulted consumer debt, which was allegedly owed for a Citibank/Shell credit card

account.

4.      Defendant, Midland Credit Management, Inc. ("MCM"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts.  Defendant MCM operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant MCM was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5.      Defendant, Midland Funding, LLC ("Midland"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate.  Defendant Midland operates a nationwide defaulted debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana.  In fact, Defendant Midland was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6.      Defendant Midland is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies, like its sister company, Defendant MCM.

7.      Defendant Midland's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

8.      Defendants MCM and Midland are both authorized to conduct business in

2

Indiana, and maintain registered agents here, <u>see</u>, records from the Indiana Secretary of State, attached as Group Exhibit <u>A</u>.  In fact, both of the Defendants conduct business in Indiana.

9.    Defendants MCM and Midland are both licensed as debt collection agencies in the State of Indiana, <u>see</u>, record NMLS Consumer Access, attached as Group Exhibit <u>B</u>.  In fact, both of the Defendants act as collection agencies in Indiana.

### FACTUAL ALLEGATIONS

10.    Defendants sent Mr. Booker a initial form collection letter, dated August 29 2018, demanding payment of a debt he allegedly owed for a Citibank/Shell credit card. This letter stated, "**We are offering you 40% OFF your balance to help you eliminate your debt while saving money**".  This offer had to be acted upon by September 28, 2018.  A copy of this letter is attached as Exhibit <u>C</u>.

11.    Two days later, on August 31, 2018, Defendants sent Mr. Booker another form debt collection letter, demanding payment of the same Citibank/Shell debt.  This letter was captioned, "Account Transfer Detail", offered Mr. Booker a discount of "up to 10%", if he made a single payment of $991.83 by October 15, 2018.  This settlement offer was a lot less favorable than the one Defendants already offered Mr. Booker two days earlier.  A copy of this letter is attached as Exhibit <u>D</u>.

12.    Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, <u>see</u>, <u>Lox v. CDA</u>, 689 F.3d 818, at 827.   Here, Defendant's conflicting statements concerning settlement offers would cause an unsophisticated consumer to be confused as to which settlement offer

controlled or was still available.

13.    Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.    Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e
## Making False Statements

15.    Plaintiff adopts and realleges ¶¶ 1-14.

16.    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e.

17.    Defendants, by giving conflicting settlement offers, used untruthful and deceptive collection means.  By making false and deceptive statements in connection with the collection of a debt, Defendants violated § 1692e of the FDCPA.

18.    Defendants' violation of § 1692e of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

19.    Plaintiff adopts and realleges ¶¶ 1-14.

20.    Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

4

21.    Defendants, by giving conflicting settlement offers, used unfair and unconscionable collection means in violation of § 1692f of the FDCPA.

22.    Defendants' violation of § 1692f of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

23.    Plaintiff, Gary Booker, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a Citibank account, via the same form collection letters (Exhibits C and D), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letters violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

24.    Defendants regularly engage in debt collection, using the same form collection letters they sent Plaintiff Booker, in its attempts to collect defaulted consumer debts from other persons.

25.    The Class consists of more than 40 persons from whom Defendants attempted to collect defaulted consumer debts, by sending other consumers the same form collection letters they sent Plaintiff Booker.

26.    Plaintiff Booker's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class, as a whole such that declaratory relief is warranted.

28.     Plaintiff Booker will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Booker has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Gary Booker, individually and on behalf of all others similarly situated, prays that this Court:

1.     Certify this action as a class action;

2.     Appoint Plaintiff Booker as Class Representative of the Class, and his attorneys as Class Counsel;

3.     Find that Defendants' form collection letters violated the FDCPA;

4.     Enter judgment in favor of Plaintiff Booker and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided

by § 1692k(a) of the FDCPA; and,

     5.     Grant such further relief as deemed just.

<b>JURY DEMAND</b>

Plaintiff, Gary Booker, individually and on behalf of all others similarly situated,

demands trial by jury.

                               Gary Booker, individually and on
                               behalf of all others similarly situated,

                               By:/s/ David J. Philipps
                               One of Plaintiff's Attorneys

Dated: March 29, 2019

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
Sawin, Shea & Steinkamp, LLC
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 255-2600
(317) 255-2905 (FAX)
john@sawinlaw.com

7